## No. 4364.

### John L. Lewis et al. vs. Behan, Thorn & Co. et al.

The distillery complained of as a nuisance in this case was established under authority from the city. The defendants are in pursuit of a lawful business, and the evidence does not show anything to warrant the conclusion that they are not conducting it properly and with a due regard to the police regulations of the city.

The smoke and noise may disturb the plaintiffs, but it is an inconvenience from which, under the provisions of article 669 of the Revised Code, they can not be relieved.

As the city of New Orleans authorized the establishment of the distillery, it can not be presumed that it is in violation of its police regulations.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J.* *T. H. Kennedy & Chiapella* and *Canonge & Cazabat*, for plaintiffs and appellees. *Woolridge & Thomas* and *A. C. Lewis*, for defendants and appellants.

WYLY, J. The plaintiffs, who are property owners in the neighborhood of the whisky distillery of defendants on Ferdinand street, bring this suit to abate the operation of said whisky distillery as a nuisance and to recover damages. The court gave judgment enjoining the defendants from operating said distillery, but rejected the demand for damages. The defendants appeal, and the plaintiffs, joining in the appeal, pray for an amendment of the judgment so as to allow them exemplary damages, they "waiving only actual damages."

The distillery was established under authority from the city. The defendants are in pursuit of a lawful business, and from the evidence we find nothing to warrant the conclusion that they are not conducting it properly and with a due regard to the police regulations of the city.

The smoke and noise may disturb the plaintiffs, but it is an inconvenience from which they can not be relieved. Article 669 of the Revised Code provides that "if the works or materials of any manufactory or other operation cause any inconvenience to those in the same or neighboring houses, by diffusing smoke or nauseous smell, and there be no servitude established by which they are regulated, their sufferance must be determined by the rules of the police or the customs of the place."

As the city of New Orleans authorized the establishment of the distillery, we can not presume it is in violation of its police regulations. 14 An. 247.

It is therefore ordered that the judgment herein be annulled, and it is decreed that plaintiffs' demand be rejected with costs of both courts.

## On Rehearing.

Howell, J. After a careful re-examination of this record and the authorities cited, we find no cause to change our conclusion.

It is therefore ordered that the decree heretofore rendered by us in this case remain undisturbed.

Morgan, J., *dissenting.* The distillery in question is situated in a populous part of the city. The inhabitants in its immediate neighborhood are quiet, orderly, and most respectable people. Many of them have occupied the houses in which they now live for many years. The evidence in the record satisfies me that the defendants' distillery is to them a nuisance, and that it greatly deteriorates the value of their property. The noise of its machinery is heard by day and by night; the smoke from its chimney, when the wind is from a certain point of the compass, fills their houses, blackens the walls thereof, soils their furniture, settles upon the roofs, whence it is carried into their cisterns, thus polluting the water which they use for all family purposes; the nauseating smell which heated grain gives out infects the air which they breathe. What is this but a nuisance?

If the distillery had been erected and was in operation when the plaintiffs purchased their property, they would have no right to complain. But they did not, many of them having been living in the same many years before the distillery was ever thought of.

The defendants claim that they are protected by a license from the city. I do not think that the Council has any power to authorize the erection of a nuisance in a populous portion of the city. If its power is unlimited in this regard, it can authorize the establishing of a soap

factory in the neighborhood of the St. Charles Hotel, for instance, and make that building and that neighborhood uninhabitable.

Defendants urge here, in their brief, that they give employment to many persons and add to the commerce and consequent wealth of the city. I fear if they placed the number of persons employed by them in one column and the number of persons who are destroyed by the use of the product of their manufactory in another, the balance would be greatly against them. But this is not the question. The question is whether the defendants' manufactory is a nuisance to the neighborhood in which it is operated. I think it is.

The next question is whether the city has the power to allow a nuisance to be established in a populous portion of the city. I think not.

I am therefore of opinion that the judgment of the district court should be affirmed.

TALIAFERRO, J., *dissenting.* I concur in the dissenting opinion of Mr. Justice Morgan.